

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,992-01

### EX PARTE TERRY WAYNE STARKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W93-37824-J(A) IN CRIMINAL DISTRICT COURT NO. 3
### FROM DALLAS COUNTY

*Per curiam*.

**O R D E R**

Applicant was convicted of unlawfully obtaining a controlled substance from a registered pharmacist. He was sentenced to twenty-five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

After a remand for findings addressing Applicant's fourth ground, the trial court found that he was provided one page of a five page document. The trial court concluded that this denied due process insofar as Applicant, who admitted to the revocation allegations and waived a hearing, was not given a written statement setting out the evidence relied on and the reasons for the revocation. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The trial court's findings are not yet supported by

the record—it is not clear from the "Hearing/Waiver Results" document itself or the habeas record whether there was a separate "Hearing Report" or whether the document's instructions meant that Applicant was only provided with the fifth page of the "Hearing/Waiver Results" document.

Accordingly, the record should be developed further. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a supplemental response from a person with knowledge of relevant facts detailing specifically what notice Applicant was provided to satisfy *Morrissey's* requirement of "a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole." *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

After reviewing the supplemental response, the trial court shall determine exactly what documents Applicant was provided under *Morrissey*. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: May 12, 2021
Do not publish